IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Z STREET,

      Plaintiff,

v.

DOUGLAS H. SHULMAN,
IN HIS OFFICIAL CAPACITY AS
COMMISSIONER OF
INTERNAL REVENUE,

      Defendant.

No. 2:10-cv-04307-CMR

### PLAINTFF'S MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE THE AMENDED COMPLAINT

The Government's request that this Court strike plaintiff's Amended Complaint should be denied because neither of the bases upon which the Government's motion rests is well founded.

The Government's invocation of the timing provisions of Federal Rule of Civil Procedure 15, which requires that amended pleadings be filed within 21 days of a motion to dismiss, ignores both the rationale for the rule and the Government's improper conduct. Specifically, Rule 15 permits an amendment within three weeks after a motion to dismiss is filed to enable a plaintiff to address, in its pleading, issues raised by the defendant in a motion to dismiss. Here, however, the government raised no such issues in its Motion or in its opening brief.

Instead, the Government waited until its Reply Brief in support of its Motion to Dismiss to proffer to the Court three sworn statements in support of its motion. Even though the hornbook law is clear that a motion to dismiss is evaluated by taking all of the complaint's allegations as true, the government argued in support of its Motion to Dismiss the Complaint on

the basis of its own employees' versions of the events at issue here, and its own evidence regarding what the substance of the IRS's policy really is. For the first time, in its Reply Brief, the Government asked this Court to dismiss the complaint for failure to state a claim on the strength of these factual allegations.

Plaintiff's Amended Complaint was filed within 21 days of this new matter. It does not plead any legal theory, but instead – as the Government acknowledges in its Motion to Strike the Amended Complaint, see Government Memorandum at 7 – simply responds to these factual allegations about what the substance of the policy at issue actually is.

In these new sworn statements, the Government's employees proffer what they claim is an explanation for the policy here at issue, and they proffer facts from which the Government asks this Court to find that the policy simply serves that goal. Plaintiff's new factual allegations demonstrate that the Government is not doing the things it claims to be doing, so that the policy cannot in fact be what the Government says it is.

Thus, for example, the Government's factual allegations form the basis upon which the Government asks this Court to find that the policy at issue is innocent because it is designed to prevent the funding of activities in countries "with" a higher risk of terrorism. The plaintiff's Amended Complaint establishes not only that the plaintiff engages in no activities outside the United States, but also that there is no reasonable basis upon which anyone could conclude that the plaintiff does engage in anything other than educational speech inside the U.S.. Similarly, the Amended Complaint also establishes that the Government's treatment of at least one other applicant for nonprofit status focused on that applicant's religious beliefs, even though it is a purely religious organization that engages in no activities outside of the United States.[1]

---

[1] In another of its efforts to plead or argue facts that disprove the plaintiff's factual allegations, even though we are still at the Motion to Dismiss stage, the Government suggests that its factual explanations for what has happened

2

The Government also claims the policy here at issue is designed only to ensure that an applicant for non-profit status is not funding any terrorist activities. Plaintiff's Amended Complaint establishes that in fact the Government has never sought any information about the plaintiff's funding of anything, and that the Government has no basis for believing that the plaintiff does fund anything other than the plaintiff's own speaking and educational activities.

Similarly, the Government claims that its policy is designed to ensure that applicants for non-profit status are informed by the Government of applicable regulations regarding the substance and record-keeping of funding activities. Plaintiff's Amended Complaint establishes that the Government has never provided any such information to the Plaintiff – in addition to the fact that no such information could be useful, because the Plaintiff does not fund any activities other than its own educational speech.

Finally, all of the issues to which the Amended Complaint responded are factual claims made by the Government in its Reply Brief – not its opening papers – in support of the Motion to Dismiss. "A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues." *United States v. Martin*, 454 F. Supp. 2d 278, 281 (E.D. Pa. 2006) (citations omitted); *United States v. Medeiros*, 710 F. Supp. 106, 110 (M.D. Pa. 1989) ("It is improper for a party to present a new argument in [a] reply brief."), *aff'd*, 884 F.2d 75 (3d Cir. 1989). Because they were only made in the Reply Brief – which was itself filed more than 21 days after the initial moving papers – Plaintiff could not respond to these factual claims within the period as defined by Rule 15 – but by authorizing

---

here are true and that the reason why the policies the Government says are at issue have not manifested themselves in any Government action is that the processing of plaintiff's application for nonprofit status was frozen when the Complaint was filed. See Government Mem. at 7. That explanation is itself a factual claim, but even if true it does not explain away the significance of the allegations in plaintiff's Amended Complaint showing that plaintiff engages in no funding activities outside the United States – so that there could not possibly be any driver for the IRS's decision to focus on, and delay, the plaintiff's application for nonprofit status other than the substance of plaintiff's speech.

3

an amendment within 21 days of the filing of a Motion to Dismiss, Rule 15 clearly anticipates that new issues will be raised properly, which means in the opening papers and not in a reply. Plaintiff responded as expeditiously as it could, filing its Amended Complaint within eight days of the Government's filing of its Reply Brief and new factual claims.[2] For these reasons, the Court should not strike the Amended Complaint as having been filed in violation of Rule 15.

It should also be noted that, to the extent the Court is concerned about the timing of the filing of this amended pleading, the Government has made no satisfactory effort to show that a Motion for Leave to Amend should be denied. In particular, the Government has not even suggested that it will be prejudiced by the amendment.

> Prejudice to the non-moving party is "the touchstone" for the denial of a request for leave to amend. Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989); Universal Computer Consulting, Inc. v. Pitcairn Enter., Inc., No. CIV.A.03-2398, 2005 U.S. Dist. LEXIS 9658, 2005 WL 1213884, at *3 (E.D. Pa. May 18, 2005). "The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted." Cureton, 252 F.3d at 273. "But the non-moving party must do more than merely claim prejudice." Bechtel, 886 F.2d at 652. To state a cognizable claim of prejudice, the defendant must establish that it would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered" had the allegations in the amended complaint been timely made. Pegasus Int'l, Inc. v. Crescent Mfg. Co., No. CIV.A.06-2943, 2007 U.S. Dist. LEXIS 24753, 2007 WL 1030457, at *5 (E.D. Pa. Apr. 2, 2007) [*46] (quoting Arthur, 434 F.3d at 206) (further quotations omitted). A defendant may also be burdened by being required to defend against new facts or legal theories that require entirely new defenses. See Tarkett, 144 F.R.D. at 291. Notably, however, even when a proposed amended complaint adds substantive allegations against a defendant, where "[t]he evidence required to meet these new allegations is substantially similar to that which was originally required," prejudice does not exist. Pegasus Int'l, 2007 U.S. Dist. LEXIS 24753, 2007 WL 1030457, at *5 (quoting Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990)). Additionally, the need for additional discovery due to amendment does not, without more, prejudice the non-moving party. Dole, 921 F.2d at 488; Amquip Corp. v. Admiral Ins. Co., 231 F.R.D. 197, 200-01 (E.D. Pa. 2005). Ultimately, the non-moving party bears the burden of demonstrating prejudice. Bechtel, 886 F.2d at 652.

*Romero v. Allstate Ins. Co.*, 2010 U.S. Dist. LEXIS 76050 (E.D. Pa. July 28, 2010).

---

[2] The Government's Reply Brief was filed on December 9, 2010. The Amended Complaint was filed on December 17th.

Here the new factual allegations simply respond to the Government's allegedly exculpatory factual story about what its policy is and how it has treated plaintiff's, and others', applications for nonprofit status. In addition, this case is in its infancy. No discovery has yet been sought by any party and there has been no ruling on the Government's Motion to Dismiss the Complaint. The Government is not in any way prejudiced by the amendment, which in any event – as the Government acknowledges – simply responds to factual claims the Government itself has made.

The Government will not be prejudiced in any way by the amendment – and indeed the Government has not claimed otherwise. Therefore the amendment should be allowed.

In the last section of its brief the Government – after admitting that plaintiff's new allegata address factual claims made by the Government -- take the peculiar position that the new material is of no significance. But, on the Government's understanding of things, how could that possibly be? If the factual allegations made by the Government, in its reply brief, have any bearing on the pending Motion to Dismiss, then surely it must also matter that plaintiff can allege, and can ultimately prove, that those factual allegations are false. The only way a denial of these factual claims could be irrelevant is if the factual claims themselves carry no weight.

For all of the foregoing reasons, the Court should deny the Government's Motion to Strike the Amended Complaint.

Respectfully submitted,

_____/s/_____
Jerome M. Marcus
Attorney I.D. 50708
MARCUS & AUERBACH, LLC
101 Greenwood Avenue, Suite 310
Jenkintown, PA 19046
VOICE: 215 885 2250
FAX: 888 875 0469
Email: jmarcus@marcusauerbach.com


Jay M. Levin
Attorney I.D. 34561
REED SMITH
2500 Liberty Place
1650 Market Street
Philadelphia, Pa 19103
VOICE: 215 851 8126
Email: jmlevin@reedsmith.com

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on January 28, 2011, I caused the foregoing Plaintiff's Memorandum in Opposition to the Government's Motion to Strike the Amended Complaint, to be electronically filed and served via the CM/ECF system.

_____
Cathy L. Dodies